UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PHILIP CASSIDY | : | CIVIL ACTION NO. 16-1570 |
| VERSUS | : | |
| GOLDEN NUGGET LAKE CHARLES CASINO, LLC, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Strike Subsection (C) of Defendant's Reply Memorandum in Support of Defendant's Motion for Summary Judgment filed by plaintiff Philip Cassidy. Doc. 73. The Motion is opposed by defendant Golden Nugget Lake Charles, LLC ("Golden Nugget"). Doc. 75. For the following reasons, the motion is **DENIED**.

### I.
### BACKGROUND

Plaintiff filed suit against Golden Nugget claiming damages based on three theories of liability; (1) vicarious liability or *respondeat superior,* (2) negligent hiring and/or retention of an employee, and (3) failure to provide adequate security, failure to train security, and/or failure to diffuse a dangerous situation. Doc. 1, att. 1. Golden Nugget filed a Motion for Summary Judgment that is currently pending before the court. Doc. 44. It moves for "summary judgment in its favor and for the dismissal of the plaintiff's causes of action against it, with prejudice . . . . " *Id.* In its memorandum in support of its motion for summary judgment Golden Nugget argues that summary judgment should be granted dismissing plaintiff's claims of vicarious liability and negligent hiring and/or supervision. Doc. 44, att. 1. This memorandum does not address plaintiff's claim for failure to provide adequate security, failure to train, or failure to diffuse the situation.

In his response memorandum in opposition plaintiff notes that Golden Nugget does not address these claims and states that these additional claims are "not subject to the Motion for Summary Judgment." Doc. 68, p. 12, n.11 (emphasis original). Golden Nugget, in its reply memorandum, specifically in Subsection C, addresses plaintiff's third theory of liability, argues that plaintiff has failed to set forth any facts or evidence that would establish a cause of action under this theory of recovery, and concludes that this claim should also be dismissed. Doc. 72, pp. 7-8.

Plaintiff now moves to strike Subsection C of Golden Nugget's reply memorandum arguing that Golden Nugget's motion fails to comply with Federal Rules of Civil Procedure 7 and 56 in that it does not state with specificity each and every claim upon which it seeks dismissal. Plaintiff further asserts that considering an argument for the first time in a reply memorandum would be unfair to the plaintiff because he would not have an opportunity to respond.

## II.
### LAW AND ANALYSIS

Rule 7 provides, generally, that any motion must "state with particularity the grounds for seeking the order" and "the relief sought." Fed. R. Civ. P. 7. Rule 56 governs motions for summary judgment and states, in part, that "[a] party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56.

Golden Nugget's motion for summary judgment [doc. 44] clearly indicates that it is seeking dismissal of all of plaintiff's causes of action. We note that it did not move for a partial summary judgment and while we cannot speculate on why it did not address the failure to provide adequate security, failure to train, and/or failure to diffuse the situation claims in the original memorandum in support, the motion makes it clear that it is seeking dismissal from the lawsuit in its entirety.

We recognize that plaintiff has not had an opportunity to file a memorandum opposing summary judgment on the above grounds and will grant him until May 14, 2018 to file any opposition before the motion is considered.

### III.
#### CONCLUSION

For the reasons stated,

**IT IS ORDERED** that the Motion to Strike Subsection (C) of Defendant's Reply Memorandum in Support of Defendant's Motion for Summary Judgment [#73] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff may file an opposition limited to those issues addressed in Subsection C of Golden Nugget's Reply Memorandum on or before May 14, 2018.

THUS DONE AND SIGNED in Chambers this 7th day of May, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE