UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


| PHILIP CASSIDY | : | CIVIL ACTION NO. 2:16-cv-1570 |
| --- | --- | --- |
| VERSUS | : | |
| GOLDEN NUGGET LAKE CHARLES, LLC | : | MAGISTRATE JUDGE KAY (By Consent) |


## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment filed by defendant Golden Nugget Lake Charles, LLC ("Golden Nugget"). Doc. 44. The Motion is opposed by plaintiff Philip Cassidy. Doc. 68. For the following reasons, the motion is **GRANTED.**

### I.
#### FACTS AND PROCEDURAL HISTORY

This case arises from an altercation between plaintiff and a former Golden Nugget employee. On October 23, 2015, Shaydriana Rhodes (hereafter "Rhodes"), was performing her duties as a porter in housekeeping. Doc. 72, p. 6. According to Golden Nugget's VP of Human Resources, her duties included cleaning up the public areas of the gaming floor, public areas and public restrooms. Doc. 70, p. 25. On the day in question plaintiff alleges he was gambling at Golden Nugget's casino when Rhodes came to pick up his beverage. Doc. 1. att. 1, p. 3. The particulars of the exchange that ultimately led to plaintiff's complaint are in dispute but the fact that an assault occurred directed toward plaintiff by Rhodes is not. Doc. 1, att. 1, p. 4; Doc. 44, att. 5. Security video of the incident shows Rhodes struck plaintiff multiple times. Doc. 44, att.

5. Golden Nugget characterizes Rhodes's actions as "an intentional tort against plaintiff." Doc. 44, att. 4, p. 2.

On July, 27, 2016, plaintiff, filed suit in the 11th Judicial District Court, Harris County, Texas. Doc. 1, att. 1. He named as defendants, Golden Nugget, and Fertitta Entertainment, Inc. ("Fertitta"). *Id.* He alleges Golden Nugget is vicariously liable for the assault in its capacity as Ms. Rhodes' employer. Doc. 1, att. 1, pp. 7-6. Additionally, plaintiff claims that Golden Nugget committed negligence in that it provided inadequate security, and that it engaged in negligent practices in the hiring, training and retention of Rhodes. Doc. 1, att. 1, pp. 3-8.[1]

On August 13, 2016, defendants removed the action to the Southern District of Texas based on diversity jurisdiction between Golden Nugget and plaintiff, alleging Feritta, a corporation organized under Texas law with its primary place of business in Texas, was a fraudulently joined as a defendant. Doc. 1.[2] On September 15, 2016, all claims against Fertitta were dismissed by agreement of the parties. Doc. 9.

On November 7, 2016, the case was transferred to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and witnesses and in the interest of justice. Doc. 16. On November 28, 2017, Golden Nugget filed the instant Motion for Summary

---

[1] As we address herein, although plaintiff originally filed in Texas state court [doc. 1, att. 1], Louisiana state substantive law governs this suit. In his original petition plaintiff proposes numerous bases for establishing liability against defendants in this case, however we have condensed these claims to more easily evaluate them under Louisiana law and to mirror how parties have structured their arguments. Regarding vicarious liability, we have considered the various allegations made under Section VI of the petition, "Liability of Defendants," Section IX, "Respondeat Superior and Ratification," and Section X, "Negligence/Assault." Doc. 1, att. 1, p. 4, pp. 6-7. Regarding security, we have considered the various allegations made under Section VII of the petition, "Negligent Conduct of Activity on the Premises," as well as Section VIII, "Liability of Defendant(s) for Injuries Arising from Foreseeable Criminal Conduct." Doc. 1, att. 1, pp. 4-5. Regarding the hiring, training, and retention of Rhodes, we have considered the various allegations made under Section XI of the petition "Negligence Hiring and/or Retention." Doc. 1, att. 1, pp. 7-8.

[2] Complete Diversity exists between Golden Nugget and plaintiff as plaintiff is a Texas domiciliary and Golden Nugget is a Louisiana LLC with a single member, GNLC Holdings, INC, a corporation organized under Louisiana law with its principle place of business in Louisiana.

Judgment alleging that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law on all claims. Doc. 44. Plaintiff opposes the motion. Doc. 68.

## II.
### LAW AND ANALYSIS

### A. The Law

A court should grant a motion for summary judgment when it is shown "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5 Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5 Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to draw all inferences based on underlying facts in the light most favorable to the non-moving party. *Clift v. Clift*, 210 F.3d 268, 270 (5 Cir. 2000). There is

no genuine issue of material fact if, viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014).

When exercising diversity jurisdiction and faced with a possible conflict of substantive state laws, a district court applies the choice-of-law rules of the state in which it sits. *See Klaxon Co. v. Stentor Electric MFG. Co., Inc.* 61 S.Ct. 1020 (1941). However, when a case is transferred under § 1404(a), the transferee court should apply the choice-of-law rules that governed the suit at the time of removal. *See. Van Dusen v. Barrack,* 84 S. Ct. 805, 816-818 (1964).

In a diversity action such as this the court must initially apply Texas choice-of-law rules. Texas follows the "most significant relationship" test from the Second Restatement of Conflicts. *See Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984). Based on this test, Louisiana law governs the claims. [3]

Basic Louisiana tort law provides, "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La C.C. Art. 2315(a). Employers can be liable for the torts of their employees when "damage [is] occasioned by [employees] in the exercise of the functions in which they are employed." La. Civ. Code art. 2320. In this case plaintiff seeks to hold defendant vicariously liable for the intentional tort of its employee. When evaluating whether an employer would be liable for an intentional tort committed by an employee the court should consider:

---

[3]Under this test, the court should consider: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered[3]. Restatement (Second) of Conflict of Laws § 145(2) (1971). Applying this test, we conclude that Louisiana substantive law would apply because (a) plaintiff's injury occurred in Louisiana; (b) the conduct causing the injury, Rhodes alleged assault and Golden Nugget's alleged acts of negligence, occurred in Louisiana; (c) Golden Nugget is a LLC with only Louisiana members, making it a citizen of Louisiana; and (d) the place where the parties relationship is centered is Louisiana.

> (1) whether the tortious act was primarily employment rooted, (2) whether the violence was reasonably incidental to the performance of the employee's duties, (3) whether the act occurred on the employer's premises, and (4) whether it occurred during the hours of employment.

*Baumeister v. Plunkett*, 673 So.2d 994, 996-97 (La. 1996) (citing *LeBrane v. Lewis*, 292 So.2d 216, 218 (La. 1974)). "[T]here is no magical formula to establish vicarious liability for intentional torts committed by employees. [But] . . . as a matter of law an employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. . . . There must additionally be at least some evidence that the intentional act was reasonably incidental to the performance of the employee's duties or that the tortious act was primarily employment rooted." *Id.* at 1000 (internal citation omitted).

For negligence claims, Louisiana courts use a duty-risk analysis. *Long v. State ex rel. DOTD*, 916 So.2d 87, 101 (La. 2005). In order to prove liability in a negligence case, a plaintiff must satisfy every element of the duty-risk analysis used by Louisiana courts. *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 632–33 (La. 2006). Under this analysis, the plaintiff must show:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Id.* (citing *Fowler v. Roberts*, 556 So.2d 1, 4 (La. 1989)). "Whether a duty is owed is a question of law, whether defendant has breached a duty owed is a question of fact." *Brewer v. J.B. Hunt Transport, Inc.*, 35 So.3d 230, 240 (La. 2010). In reference to the duty element, "[t]here is an almost universal duty on the part of the defendant in negligence cases to use reasonable care so as

to avoid injury to another. In some cases, the duty is refined more specifically that the defendant must conform his or her conduct to some specially defined standard of behavior." *Boykin v. Louisiana Transit Co.*, 707 So.2d 1225, 1231 (La. 1998).

**B. Application of Law to Facts of This Case**

### 1. *Vicarious Liability*

Considering the factors set forth in *LeBrane*, plaintiff has failed to show Rhodes' assault was rooted in her employment at the Golden Nugget. Although it is not disputed that the altercation occurred on Golden Nugget's premises and during Ms. Rhodes' hours of employment. There must be some evidence the attack was in furtherance of an employer's objective. *See Bourdeaux v. Papa Bear's Pizza, LLC*, 220 So.3d 84 (La. App. 1 Cir. 2007); *see also*, *Swartz. v. McNabb*, 830 So.2d 1093 (La. App. 3 Cir. 2002).

In contrast to the altercation in *LeBrane*—an altercation motivated by one employee, acting in his capacity as a supervisor, firing another [*LeBrane*, 292 So.2d at 217]—the altercation in the instant matter is alleged to have been provoked by purely personal considerations. *See* Doc. 44, att. 2 (Rhodes alleges the attack was motivated by racial epithets and name calling). We find Rhode's assault to be extraneously motivated, not fairly attributable to the performance of her duties as a porter in housekeeping, and not in furtherance of any objective of the Golden Nugget Casino. Accordingly, the court will **GRANT** Golden Nugget's motion for summary judgment with respect to plaintiff's claim of vicarious liability.

### 2. *Negligence claims*

Addressing the second theory of liability, we conclude that plaintiff has also failed to establish any genuine issue of fact that would preclude summary judgment on the issue of negligence and therefore we grant the motion on this point.

a.  *Security*

Defendant clearly has a duty to provide security insofar as state law requires a gaming facility to do so. *See* La. Admin. Code. tit. 42, § 3403 (Nov. 2018) (requiring all applicants for a gaming license to have a detailed security plan approved by the Louisiana Gaming Control Board). According to the deposition testimony of Christopher Lennette, Director of Security at Golden Nugget, it would normally have between eighteen to twenty-two officers on the casino floor at any given time even though state law only requires it to have twelve. Doc. 70, p. 6. He further details that Golden Nugget security personnel go through extensive training and are trained in: responsible gaming, handcuffs, gaming regulation, first-aid, active shooters, and take-down procedures. *Id.* at p. 9.

Plaintiff's argument that Golden Nugget failed to provide adequate security because "[t]here was a seven (7) second interval between the time that Golden Nugget's employee, Shaydriana Rhodes rained her first blow on Mr. Cassidy from behind and when she battered him for the second time," is unavailing. Doc. 85, p. 3. Although a duty to provide security, exists, this does not obligate defendant to provide any designated response period (assuming less than seven seconds by this individual was possible or would have prevented the assault) and neither does it insure against any harm that might occur.

b.  *Hiring, Training and Retention*

Defendant has a duty to exercise reasonable care in hiring, retaining and supervising employees. *Jackson v. Ferrand*, 658 So.2d 691, 699 (La. App. 4 Cir. 1994) (internal citations omitted). Moreover, Louisiana jurisprudence would suggest this duty is heightened when a prospective employee would have a "unique opportunity," to commit a tort against a third party. *See*, *e.g.*, G*riffin v. K-Mart Corp.*, 776 So.2d 1226, 1231 (La. App. 5 Cir. 2000) (unique

opportunity found based on an employee's unrestricted access to guns); *see also Jackson,* 658 So.2d at 697-98 (unique opportunity found based on an employee's access to the hotel master key); *see also Smith v. Orkin Extermination Co.*, Inc., 540 So.2d 363, 366-67 (La. App. 1 Cir. 1989) (unique opportunity found because the exterminating company sent employees directly into customers' homes).

We do not believe that Rhodes' position as a porter in Housekeeping provided her with any unique opportunity to commit a tort against a third party. Deferring instead to the universal duty of reasonable care we find nothing unreasonable about defendant's decision hire Rhodes given that a background investigation conducted by defendant prior to the commencement of Rhodes' term of employment revealed only a charge for criminal mischief. Doc. 44, att. 3, p. 21.

Similarly, we find nothing unreasonable about defendant's decision to retain Rhodes given that she showed no propensity for violence during the course of her employment with Golden Nugget. *See* Doc. 44, att. 1, p. 6 (citing Doc. 44, att. 3) (noting "[Rhodes'] personnel file does not show any similar incidents involving [her] either prior to or during the course of her employment").

Regarding training, Golden Nugget's VP of Human Resources testified that as part of the orientation plan Golden Nugget trains new employees on its "guest-first attitude," [doc. 70, p. 45], furthermore, Rhodes signed a beverage service acknowledgment and was trained to recognize the signs of intoxication. Doc. 68, p. 10. Although plaintiff argues it is unclear if Ms. Rhodes received several orientation documents because acknowledgment forms are missing form her personnel file [doc. 68, pp. 15-16], plaintiff has presented no evidence that Golden Nugget was required to furnish these forms to employees.

Accordingly, in examining defendant's duty as it relates to security and the hiring, training and retention of Rhodes, we find defendant has not breached any of its obligations under the law.

Moreover, plaintiff has not identified any negligent act by the defendant that can rationally be construed as having been a cause in fact of plaintiff's injuries. Accordingly, the court will **GRANT** Golden Nugget's motion for summary judgment with respect to plaintiff's claims of negligence.

### III.
#### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment, [doc 44], is **GRANTED**.

THUS DONE AND SIGNED in Chambers this 8th day of February, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE